IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROL RIBBING, as the personal representative of the Estate of Gregory Ribbing, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | 8:18CV509<br><br>**MEMORANDUM AND ORDER** |

On July 31, 2019, the defendant, Union Pacific Railroad Company ("Union Pacific") moved for summary judgment on all claims filed by the plaintiff, the Estate of Gregory Ribbing (the "Estate"). (Filing No. 15). In support of its motion, Union Pacific relies on the Estate's deemed admissions to requests for admissions served by Union Pacific and argues that based on those admissions, Union Pacific is entitled to judgment as a matter of law. (Filing No. 17). The Estate filed no evidence opposing the motion for summary judgment. Instead, the Estate objects and moves to withdraw the deemed admissions, (Filing No. 18). The Estate seeks to replace those deemed admissions with a proposed response which denies each request. (Filing No. 18-1). The Estate has offered no evidence in support of the denials within its proposed amended response.

For the reasons stated below, the Estate's motion (Filing No. 18), will be denied.

STATEMENT OF FACTS

The Estate's FELA action was initially filed in another court. With Union Pacific's consent and its agreement not to assert the statute of limitations, the case was filed in this court on October 26, 2018. ([Filing No. 1](#)). The decedent, Gregory Ribbing, died on December 27, 2014. ([Filing No. 1 at CM/ECF p. 1](#)). Prior to his death, he was a hoisting engineer in Union Pacific's Building and Bridges Department. ([Filing No. 1 at CM/ECF p. 2](#)). The complaint alleges exposure to toxins while working for Union Pacific caused or contributed to Gregory Ribbing's development of multiple myeloma. (Id.)

The Estate's complaint was served on December 5, 2018 ([Filing No. 6](#)); Union Pacific's answer was filed on January 31, 2019. ([Filing No. 7](#)). The court entered an initial scheduling order on February 6, 2019. Under that order, the Estate's mandatory disclosures were due on March 18, 2019. ([Filing No. 10](#)).

Union Pacific served requests for admissions on Plaintiff's counsel on March 25, 2019. ([Filing No. 11](#); [Filing No. 17, at CM/ECF p. 5](#)). The requests asked the Estate to admit:

➢ The decedent's exposure to:
- diesel fuel (Request No. 1),
- diesel exhaust (Request No. 2),
- diesel fumes (Request No. 3),
- benzene (Request No. 4),
- herbicides (Request No. 5),
- creosote (Request No. 6), and/or
- asbestos fibers (Request No. 7),

during his employment with Union Pacific or its predecessor, did not

cause or contribute to his multiple myeloma.

- Union Pacific and its predecessor:
  - provided the decedent with a reasonably safe place in which to work as required by the Federal Employers Liability Act, (Request No. 8);
  - acted reasonably to minimize or eliminate the decedent's exposure to toxic materials and carcinogens, (Request No. 9);
  - took reasonable steps to warn the decedent of the risks of exposure to potential carcinogens, (Request No. 10);
  - made reasonable efforts to monitor the levels of exposure of the decedent to potential carcinogens, (Request No. 11); and
  - provided the decedent with protective equipment designed to reasonably protect him from exposure to toxic materials and carcinogens, (Request No. 12).

- There are no known causes of multiple myeloma, (Request No. 13).

([Filing No. 17, at CM/ECF pp. 6-9](#)).

Under the case progression order entered on April 12, 2019, ([Filing No. 12](#)), the Estate's expert witness disclosures are due on January 14, 2020, with Defendant's due on March 18, 2020. The discovery deadline is May 15, 2020, and the dispositive and *Daubert* motion deadline is July 3, 2020. ([Filing No. 12](#)).

Union Pacific moved for summary judgment on July 31, 2019. ([Filing No. 15](#)). In response, on August 20, 2019 (the deadline for responding to the summary judgment motion), the Estate moved to withdraw or amend the deemed admissions to the requests for admissions. ([Filing No. 18](#)). Prior to filing this motion, Plaintiff's counsel had never responded to the requests for admissions. ([Filing No. 17, at CM/ECF p. 3](#), ¶ 5).

In support of the motion to withdraw or amend the deemed admissions, the Estate has offered a verified copy of the responses to requests for admissions the Estate intends to file if afforded the opportunity to do so. As to Requests 1, 2, 3, and 6, the Estate's proposed response denies the allegations, citing to an attached 1987 Article titled "Multiple Myeloma and Engine Exhausts, Fresh Wood, and Creosote: A Case-Referent Study." (See Filing No. 18-1 at CM/ECF pp. 6-16). As to Request 4, the Estate's proposed response denies the allegation, citing to an attached 2008 article titled Risk of Leukemia and Multiple Myeloma Associated With Exposure to Benzene and Other Organic Solvents: Evidence From the Italian Multicenter Case–Control Study. (See Filing No. 18-1 at CM/ECF pp. 18-26). As to Request 5, the Estate's proposed response denies the allegation, citing to an attached article titled Toxic Exposures Unleashed. See (Filing No. 18-1 at CM/ECF pp. 28-31).

As to Request 7, the Estate withdrew the allegation that asbestos caused the decedent's multiple myeloma and then denied that request as moot. As to Requests 8 through 12, the Estate responds with the single word, "Denied," providing no explanation or evidence supporting that response. In response to Request 13, the Estate's proposed response denied the allegation, citing to the three attached articles. (See Filing No. 18-1).

ANALYSIS

Under Rule 36, a party may serve on the opposing party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The responding party may admit the request, deny it, state that the party lacks the ability to admit or deny it after a reasonable investigation, or object to it. Fed. R. Civ. P. 36(a)(4-5).

A request served under Rule 36 "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Since the Estate failed to respond to Union Pacific's requests for admissions within 30 days, by operation of Rule 36(a)(3), those requests are deemed admitted by the Estate. Plaintiff's counsel now seeks to withdraw the deemed admissions and request leave to file the Estate's proposed denial to Union Pacific's requests for admissions, (Filing No. 18-1), arguing:

> Defendant's requests for admissions included matters that go to the ultimate issues in this case and, if unanswered, may prove fatal to Plaintiff's claim. . . . Plaintiff should be permitted to amend her admissions pursuant to Fed. R. Civ. P. 36(b) as it is in the interests of this Court and justice as a whole to permit Plaintiff's claims to be tried on their merits rather than a discovery error.

(Filing No. 19, at CM/ECF p. 2).

Federal Rule of Civil Procedure 36(b) states:

> Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b).

When determining whether a party may withdraw or amend responses to

5

requests for admissions, the court must consider: 1) whether permitting the amendment or withdrawal of an admission would promote the movant's ability to have the case heard and decided on its merits, and 2) the prejudice to the party opposing withdrawal or amendment of a prior admission. F.D.I.C. v. Prusia, 18 F.3d 637, 640 (8th Cir.1994) (interpreting Rule 36(b)). The court does not focus on, and the moving party need not present, evidence of excusable neglect. Id. However, relief under Rule 36(b) remains discretionary. Therefore, "the final inquiry is whether the court will exercise its discretion to permit the amended admission." Atmosphere Hosp. Mgmt., LLC, v. Shiba Investments, Inc., No. 5:13-CV-05040-KES, 2015 WL 6872551, at *6 (D.S.D. Nov. 9, 2015).

> Rule 36(b) provides that a court "may" permit withdrawal or amendment of an admission if the two-factor analysis is met. Courts analyzing this issue have explained that "[b]ecause the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule.

Atmosphere Hosp. Mgmt., 2015 WL 6872551, at *6 (quoting Donovan v. Carls Drug Co., Inc., 703 F.2d 650, 652 (2d Cir.1983)) (collecting cases).

The Rule changes of December 2015 clarified the parties' respective responsibilities with respect to discovery. Under Rule 1, the parties themselves must, along with the court, work to assure the just, orderly, inexpensive, and expeditious progression of cases. Rule 26(b)(1) outlines the proportionality analysis applicable to the discovery process, and all parties should provide information relevant to the proportionality assessment consistent with their ability to do so. Rule 26(b)(1), Committee Notes on Rules—2015 Amendment. As applied to Rule 36(b), the moving party will typically be responsible for explaining how withdrawal or amendment of deemed admissions will promote a ruling on the merits, with the non-moving party bearing the burden of showing how it will

be prejudiced if the deemed admissions are withdrawn.

Plaintiff's counsel argues this case cannot be decided on the merits if the deemed admissions are not withdrawn. The Estate further argues Union Pacific will not be prejudiced by withdrawal of the deemed admissions; that sufficient time remains before the pretrial conference to complete discovery and defend this case on the merits. See also, Quasias v. Schwan Food Co., 596 F.3d 947, 951 (8th Cir. 2010). Union Pacific concedes that the Estate's deemed admissions wholly support their motion for summary judgment, thereby eliminating presentation of the facts at trial. And it does not argue that it will be unable to prepare for trial if the admissions are withdrawn.

Upon review of the record, the court finds Union Pacific will not be prejudiced if the Estate's deemed admissions are withdrawn and replaced by denials. The fact that Union Pacific has already moved for summary judgment, or that withdrawal of the admissions will inconvenience Union Pacific by requiring it to defend against the Estate's claims, does not provide a sufficient showing of prejudice. Prusia, 18 F.3d at 640. Prejudice is demonstrated with evidence of the difficulties a party would encounter in meeting case progression deadlines and trial settings if the previously deemed admissions are suddenly withdrawn or amended, e.g., the unavailability of key witnesses, or the inability or unreasonableness of securing experts and/or performing discovery on the topics deemed admitted.

In this case, the expert witness deadline is five months away, and the discovery deadline is still over seven months away. Union Pacific has not and cannot show it will be prejudiced if it must now defend against the statements previously deemed admitted by the Estate's failure to timely respond to requests for admissions.

Turning to the first prong of the Rule 36(b) inquiry, the court must decide whether the deemed admissions will negate a decision on the merits. The court notes that had the Estate timely responded to Union Pacific's requests, its proposed response, (Filing No. 18-1), is likely a sufficient response to the requests for admissions. But that is not the issue before me.

"In considering whether the presentation of the merits will be improved by permitting an admission to be revised, courts have generally sought to determine whether the admission is contrary to the record of the case." Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co., 123 F.R.D. 97, 103 (D. Del. 1988). Where, as here, no timely response to requests for admissions is served, the court must decide whether allowing the deemed admission under Rule 26(a)(3) to stand will result in an unjust departure from resolution on the merits; whether based on facts existing and known by the responding party when the answers were due, recent factual changes, or post-answer discovery of new information, denying the right to correct a prior admission (deemed or otherwise) will undermine the goal of resolving the case based on truthful information.

"Permitting the amendment of responses to a request for admissions is in the interests of justice if the record demonstrates that the 'admitted' facts are contrary to the actual facts." Prusia, 18 F.3d at 641. "Although an admission should ordinarily be binding on the party who made it, there must be room in rare cases for a different result, as when an admission no longer is true because of changed circumstances or through honest error a party has made an improvident admission." § 2264 Use and Effect of Admissions, 8B Fed. Prac. & Proc. Civ. § 2264 (3d ed.). See, Prusia, supra. (reversing the district court's denial of a motion to amend admissions where the facts of record showed the admissions were inaccurate and denying leave to withdraw and amend those admissions permitted the non-moving party to evade his otherwise undisputed liability on four

8

promissory notes).

Where the moving party fails to show the deemed admissions are untrue, courts have denied the motion to withdraw those admissions for failure to show the admissions will prejudice the right to a ruling on the merits. Le v. Cheesecake Factory Restaurants Inc., No. 06-20006, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007) (affirming the court's denial of a motion to withdraw deemed admissions where the moving party failed to present any fact-specific argument or information showing that the deemed admission was untrue); Hautala v. Progressive Direct Ins. Co., No. CIV.08-5003-JLV, 2010 WL 1812555, at *11 (D.S.D. May 3, 2010) (denying withdrawal of deemed admissions where the moving party failed to prove the first prong of Prusia by failing to present evidence showing the deemed admitted facts were contrary to the actual facts); Centrifugal Acquisition Corp. v. Moon, 267 F.R.D. 240, 241 (E.D. Wis. 2010) (denying withdrawal of deemed admissions where evidence of record showed the admissions were true); Sharif v. Wellness Int'l Network, Ltd., No. 3:05-CV-1367-B, 2007 WL 9711725, at *3 (N.D. Tex. May 7, 2007) (denying a motion to withdraw deemed admissions where the plaintiff offered conclusory statements, such as these "central facts go to the core of Defendants' liability," but failed to offer any evidence that the admissions were untrue and therefore contrary to presentation of the case on the merits); Branch Banking & Tr. Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 658 (E.D.N.C. 1988) (denying withdrawal of admission where the moving party presented no evidence showing the prior admission was inaccurate).

In the absence of any showing by the Estate that its deemed admissions are untrue, those admissions are considered accurate factual statements for the purpose of deciding the Estate's claims against Union Pacific on the merits. Here, as to Requests 8 through 12, the Estate's proposed responses merely

state "Denied." There is no evidence offered to support the Estate's proposed response; specifically, the Estate offers no evidence that Union Pacific failed to:

- provide the decedent with a reasonably safe place to work (Request 8);
- minimize or eliminate the decedent's exposure to toxic materials and carcinogens (Request 9);
- warn the decedent of the risks of exposure to potential carcinogens (Request 10);
- monitor the levels of the decedent's exposure to potential carcinogens (Request 11), and/or
- supply to the decedent protective equipment designed to reasonably protect him from exposure to toxic materials and carcinogens (Request 12).

Five months passed between filing the Estate's complaint in this forum and serving the requests for admissions. And this case was pending for several months in another forum before it was re-filed in this court. By filing the federal complaint, the Estate and its counsel certify that the factual contentions within the complaint "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Neither the Estate's complaint nor the record before this court identify any allegations within the complaint for which discovery is needed before evidentiary support is available. So, at the time the complaint was filed, the Estate was certifying that it already possessed that evidence. Yet, it offers no evidence showing the deemed admissions are untrue or inaccurate. The Estate has failed to show the deemed admissions in Requests 8 through 12 should be withdrawn in favor of deciding this case on the merits.

Requests for Admissions 1 through 6, identify chemicals and state the

decedent's exposure to those chemicals during his employment with Union Pacific or its predecessor caused or contributed to his multiple myeloma. In support of the Estate's proposed response denying requests 1, 2, 3, and 6, the Estate attaches a document entitled <u>Multiple Myeloma and Engine Exhausts, Fresh Wood, and Creosote: A Case-Referent Study</u>. For this study, the researchers reviewed case files of workers in Sweden who were diagnosed with multiple myeloma between 1973 and 1983 and survived into the period of 1981 to 1983. The article mentions several career fields (farmers, bricklayers, lumberjacks, electric linemen, etc), occupational exposure to engine exhaust, and exposure to creosote, but it does not mention railroad workers. Based on the case study review, the authors conclude that exposure to engine exhaust (both diesel and gas) and contact with fresh wood (particularly red cedar) are potential etiological factors for developing multiple myeloma. It concludes exposure to creosote may also be a factor, but the number of individuals with such exposure in this study were small, making any association between that exposure and multiple myeloma less convincing. ([Filing No. 18-1, at CM/ECF pp. 13-15](#)).

Assuming the above-referenced article is admissible for the purposes of the pending motion, it does not provide evidence that this decedent's exposure to diesel fuel (Request No. 1), diesel exhaust (Request No. 2), diesel fumes (Request No. 3), and creosote (Request 6) during his railroad employment caused or contributed to his multiple myeloma.[1] The Estate has filed no evidence explaining the decedent's job at Union Pacific, or whether, when, how, and to what extent the decedent was exposed to any of the chemicals listed in the

---

[1] The court notes that under the FELA, the question is whether railroad's negligence, no matter how slight, "caused or contributed to" the worker's injury. Whether a particular chemical exposure caused or contributed to the worker's injury is a wholly different question.

11

requests for admissions.[2] It therefore does not refute the veracity of the deemed admissions in Requests 1, 2, 3 and 6.

Likewise, and for similar reasons, the articles referenced in the Estate's proposed response to Requests 4 and 5 do not challenge the truthfulness of the Estate's deemed admissions to those requests. The article Risk of Leukemia and Multiple Myeloma Associated With Exposure to Benzene and Other Organic Solvents: Evidence From the Italian Multicenter Case–Control Study concludes an association between exposure to benzene and the risk of multiple myeloma is biologically plausible. But it does not refute the Request 4 deemed admission that decedent's exposure to benzene during his railroad employment did not cause or contribute to his multiple myeloma, particularly where the Estate has failed to submit any evidence of decedent's job-related exposure to benzene. As to Request 5, the article Toxic Exposures Unleashed identifies many chemicals associated with multiple myeloma, including the herbicide glyphosate (the primary ingredient in Roundup®). The article concludes glyphosate has been implicated in the development of multiple myeloma in agriculture workers, and benzene is associated with multiple myeloma. But there is nothing of record indicating decedent Ribbing was exposed to glyphosate while working for the railroad, and the information in Toxic Exposures Unleashed does not contradict the Estate's deemed admission that as to the decedent, exposure to glyphosate and benzene during his railroad employment did not cause or contribute to his multiple myeloma. I therefore find that the Estate has failed to prove the deemed admissions to Requests 4 and 5 must be withdrawn in favor of a ruling on the

---

[2] The court recognizes that the Estate's expert witness deadline is January 14, 2020. It did not anticipate the Estate would file an early disclosure of that report in support of the motion for leave to withdraw the deemed admissions. But by filing this case, the Estate certifies that it has evidence to support the claims. Certainly, that evidence would include some explanation of the decedent's job and that he was, in fact, exposed to the chemicals identified in the Estate's complaint and in Requests 1 through 6.

12

merits.

Finally, Request No. 13 states "There are no known causes of multiple myeloma." As relevant to this request, the article Toxic Exposures Unleashed states "Toxic exposures cause myeloma." (Filing No. 18-1, at CM/ECF p. 30). Presuming this article and the others attached to the Estate's proposed response are admissible, they sufficiently refute the global statement of Request 13; that "There are no known causes of multiple myeloma." This statement is currently, and perhaps inaccurately, deemed admitted in Request No. 13. Therefore, as to Request No. 13, and only as to Request No. 13, the Estate has made a sufficient showing under first prong of Rule 36(b).

Even assuming the Estate had proved both prongs of the Rule 36(b) analysis, the court retains discretion to deny the Estate's motion to withdraw its deemed admissions. While Plaintiff's counsel argues this court cannot consider his excuses and reasons (or complete lack thereof) for failing to timely respond to requests for admissions, (Filing No. 19, at CM/ECF p. 3), Rule 36(b) permits, but does not mandate leave to withdraw when both prongs of the Rule are met. Atmosphere Hosp. Mgmt., 2015 WL 6872551, at *6. If withdrawal or amendment of the Estate's deemed admissions would promote the presentation of the merits of the action and would not prejudice Union Pacific's ability to defend this case, "the court may" (not "shall") grant leave to withdraw the deemed admissions. Fed. R. Civ. P. 36(b) (emphasis added).

Plaintiff's counsel offers no explanation for failing to comply with discovery deadlines—as to both the requests for admissions at issue, and more broadly, as to the numerous toxic tort cases Plaintiff's counsel has filed against Union Pacific on behalf of railroad employees. As Union Pacific argues, "the failure to respond to discovery in a timely manner has been a recurrent problem in these

13

consolidated cases and evidences a lack of diligence in prosecuting this case. . . ." ([Filing No. 21, at CM/ECF p. 2](#)). The "recurrent problem[s]" referenced by Union Pacific's counsel are substantial and necessitated an in-court hearing with Plaintiff's counsel during which the repeated delays, oversights, and noncompliance with the rules and court-ordered deadlines were outlined by the undersigned magistrate judge on the record. ([Filing No. 25](#), audio file). See also, Rhone v. Union Pacific Railroad Co., 8:18cv597, [Filing No. 24](#), at CM/ECF p. 5 n. 2).

The court has repeatedly advised Plaintiff's counsel that the toxic tort cases he has filed against Union Pacific, including this one, must be litigated in a timely fashion. Yet, faced with the deemed admissions in this case, he provides only a cursory argument and no supporting evidence. Against that backdrop, and with no explanation offered by Plaintiff's counsel for another failure to comply with court deadlines, the undersigned magistrate judge will not reward his failure to timely respond to requests for admissions, and his failure to present evidence explaining why the statements within Requests 1-12 are untrue, by permitting withdrawal of the Estate's deemed admissions.

Accordingly,

IT IS ORDERED that the plaintiff's motion to withdraw the deemed admissions, and for leave to file an amended response denying each of Union Pacific's requests for admissions, ([Filing No. 18](#)), is denied.

October 9, 2019.               BY THE COURT:

                               *s/ Cheryl R. Zwart*
                               United States Magistrate Judge