IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROL RIBBING, as the personal representative of the Estate of Gregory Ribbing, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | 8:18CV509<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant's motion for summary judgment, Filing No. 15, pursuant to Fed. R. Civ. P. 56. The Estate of Gregory Ribbing ("the Estate") filed a Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51-60 action which alleges that Gregory Ribbing died from exposure to toxins while working at Union Pacific causing him to develop multiple myeloma.

**BACKGROUND**

Defendant served requests for admissions on plaintiff's counsel on March 25, 2019. Plaintiff failed to timely respond to these admissions. Union Pacific moved for summary judgment on July 31, 2019, Filing No. 15, and on August 20, 2019, plaintiff moved to withdraw or amend the deemed admissions to the requests for admissions, Filing No. 18. The brief addressed the issue of failure to respond to admissions.

1

Defendant contends that plaintiff failed to timely respond to requests for admissions. Thus, the Court should determine that plaintiff thereby admits that she had a reasonably safe place to work and that the workplace exposures did not cause or contribute to decedent's multiple myeloma.

Under Rule 36, a party may serve on the opposing party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The responding party may admit the request, deny it, state that the party lacks the ability to admit or deny it after a reasonable investigation, or object to it. Fed. R. Civ. P. 36(a) (4-5). A request served under Rule 36 "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

The magistrate determined that the request for admissions was deemed admitted by the Estate. Federal Rule of Civil Procedure 36(b) states:

> Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b). To make a determination, the magistrate judge analyzed the reasons for denying the request to amend each admission. The magistrate concluded that each motion to amend should be denied on the merits, should be denied for plaintiff's

2

counsel's failure to provide reasons for the late and missed filings, and should be denied for a continued pattern of failure to timely prosecute these cases. Filing No. 26, entered October 9, 2019. Plaintiff did not file any objection to or appeal of the memorandum and order.

### SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Foster v. BNSF Ry. Co.*, 866 F.3d 962, 966 (8th Cir.2017) (quoting Fed. R. Civ. P. 56(a)). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

"The movant bears the initial responsibility of informing the district court of the basis for its motion, 'and must identify those portions of the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 20ll) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant meets the initial burden, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Torgerson*, 643 F.3d at 1042 (quoting *Celotex*, 477 U.S. at 324). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson*, 643 F.3d at 1042 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). "The mere existence of a scintilla of evidence

in support of the [nonmovant' s] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Barber v. CI Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.5. 242, 252 (1986)).

**DISCUSSION**

Based on the above background, pending now before the Court is defendant's motion for summary judgment. Defendant contends that because the admissions are exclusively established, plaintiff can no longer prove that defendant failed to provide plaintiff with a reasonable safe place to work and that the occupational exposures did not cause his cancer. See *Luick v. Graybar Elec. Co.*, 473 F.2d 1360, 1361 (8th Cir. 1973); "It is well settled that a failure to respond to requests for admission is deemed to be an admission of the matters set forth and may form a proper basis for summary judgment." *Chess Music, Inc. v. Bowman*, 474 F. Supp. 184, 185 (D. Neb. 1979).

To recover under the FELA, an employee must prove the employer's negligence and that the negligence is a cause of the employee's injury. *Deviney v. Union Pac. R.R.*, 776 N.W.2d 21, 26 (Neb. App. 2009), aff'd 786 N.W.2d 902 (Neb. 2010). Two elements that plaintiff must prove, breach of duty and causation, are conclusively proven via the admissions, argues defendant, because plaintiff admits her husband was provided with a reasonably safe workplace and further that defendant did not cause his multiple myeloma.

Plaintiffs argue that there are material facts remaining that are sufficient to permit a jury to find in favor of plaintiff; and plaintiff argues that summary judgment is inappropriate under FELA. "These decisions are best understood as exercising authority to permit withdrawal or amendment of admissions under Rule 36(b), because the party

4

who admitted matters later filed with the court a pleading that was sufficient to constitute a "motion" under a liberal reading of the rule." *Quasius v. Schwan Food Co.*, 596 F.3d 947, 952 (8th Cir. 2010). The Court finds for purposes of this motion that plaintiff's response to the summary judgment, Filing Nos. 18 and 20, are responses, albeit very late, to the request for admissions.

Under Rule 36(b), argues plaintiff, the Court must consider the effect upon the litigation and the prejudice to the resisting party. Plaintiff attempts to make the argument for amended admissions in this summary judgment response. Clearly, argue plaintiffs, the effect of the litigation on this case are detrimental to the outcome of the case on the merits. Further, argues plaintiff, the defendant will not be prejudiced by such amendments.

The Court has carefully reviewed the motion for summary judgment, the evidence, the relevant law, and the arguments made by the plaintiff. The Court notes that the magistrate judge is correct that the diligence required to litigate this matter and a number of related cases, is lacking. There is little excuse for the failure to file a response to the admissions; likewise is no excuse for failure to object or appeal the Memorandum and Order, Filing No. 26, of the magistrate judge. The Court admonishes counsel for such behavior, and if such conduct continues, the Court will consider responses including referral of disciplinary proceedings in Nebraska and Pennsylvania. In an effort to assist plaintiff's counsel to conform to the court's progression orders and effective judicial management, the court will order plaintiff's counsel to retain local counsel.

The Court finds that had plaintiff's counsel appropriately and timely answered the admissions, much of this case might have been able to continue on the merits. The Court

further finds that this case is not far enough into the litigation stages to be prejudicial to the defendant.  Accordingly, the Court is will allow plaintiff to file appropriate amended answers to the request for admissions which conform to the magistrate judge's order.[1] The plaintiff has 21 days from the date of this Memorandum and Order to do so.  Failure to timely do so **WILL** result in dismissal of this case upon reassertion of a motion for summary judgment.

Second, the Court has inherent power to issue a sanction on its own initiative in accordance with Fed. R. Civ. P. 37(c)(2), including reasonable attorney fees and expenses.  The Court will award all attorney fees incurred by defendant in relation to the request for admissions, the filing and briefing of the summary judgment, and the time spent as it relates to those issues.  The defendant has 14 days from the date of this order to file its request; the plaintiff has 14 days thereafter to file its response; the defendant has 7 days thereafter to file a reply.  The parties may also brief the appropriateness of any other sanctions against the plaintiff for the failure to file timely responses to the admissions.

---

[1] The Eighth Circuit has held:

> Because the district court has the power to allow a longer time, courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely. *See, e.g., Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir.1966); *Pleasant Hill Bank v. United States*, 60 F.R.D. 1, 2–3 (W.D.Mo.1973); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2257, at 719–20 (1970).  Therefore, the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted. *See Finman, The Request for Admissions in Federal Civil Procedure*, 71 Yale L.J. 371, 432 (1962).  But *see Luick v. Graybar Electric Co.*, 473 F.2d 1360, 1362 (8th Cir.1973) (unanswered request render matters requested conclusively established).  Similarly, the granting of a motion to file *1313 the answers out of time is limited by the court's discretion.

*Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312–13 (8th Cir. 1983).

**THEREFORE, IT IS ORDERED THAT:**

1. The motion for summary judgment, Filing No. 15, is denied but subject to reassertion if and when plaintiff's timely amended response to request for admissions is filed;

2. The Memorandum and Order of the magistrate's order, Filing No. 26, is overruled in part and adopted in part, as is consistent with this Memorandum and Order;

3. Plaintiff's motion to amend notice, Filing No. 18, is granted as set forth herein;

4. Plaintiff counsel is ordered to retain local counsel who shall make an appearance on or before January 31, 2020.

5. The Court awards attorney fees and costs to the defendant. The defendant has 14 days from the date of this order to file its request; the plaintiff has 14 days thereafter to file its response; the defendant has 7 days thereafter to file a reply.

Dated this 3rd day of January, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge